UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TEJAS CASING LTD., § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. H-08-527 |
| § | |
| IPSCO TUBULARS INC., § | |
| § | |
| Defendant. § | |

**OPINION AND ORDER**

Pending before the Court are Defendant IPSCO Tubulars Inc.'s ("IPSCO") Motion for Summary Judgment on Plaintiff Tejas Casing Ltd.'s ("Tejas") Claim for Breach of Contract and Affirmative Defenses (Doc. 29) and Plaintiff Tejas's Motion for Partial Summary Judgment (Doc. 32). Upon careful review and consideration of these motions, the responses, replies, and surreplies thereto, the relevant legal authority, and for the reasons explained below, the Court finds that both motions should be granted in part and denied in part.

I.  Background and Relevant Facts

This is a breach of contract case in federal court pursuant to diversity jurisdiction. 28 U.S.C. § 1332(a). Texas substantive law governs this diversity action. *General Elec. Supply Co. v. Utley-James of Texas, Inc.*, 857 F.2d 1010, 1012 (5th Cir. 1988) (citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)).

On January 20, 2006, Tejas and IPSCO entered into a written "Heat Treating, Finishing And Testing Agreement" (the "Agreement"). (Doc. 20 ¶ 9; Doc. 20-1.) The Agreement required Defendant IPSCO to deliver to Plaintiff Tejas a certain tonnage of 4.5" or 5.5" diameter steel casing pipe each quarter, and Tejas to heat treat, finish, and test a certain amount of the delivered tonnage. (Doc. 20 ¶¶ 10–11; Doc. 20-1 ¶¶ 1.1–1.2 and Art. II.)  At this point, the parties'

accounts of what happened diverge. According to Tejas, "IPSCO never delivered to Tejas the minimum contract quantities of casing pipe it promised to deliver to Tejas during each of the contract 'Quarters' during the two-year term of the Agreement." (Doc. 32 at 2.) IPSCO, by contrast, contends that "Tejas breached the Agreement from the outset because Tejas' plant was not constructed and operational to provide heat treated Products to specifications by April 1, 2006." (Doc. 29 ¶ 4.)

On January 30, 2007, with some fourteen months remaining in the term of the Agreement, Defendant IPSCO sent Tejas a three-sentence e-mail announcing that it was terminating the Agreement pursuant to Section 4.2, "Termination for Cause." (Doc. 32 at 3; Doc. 29 ¶ 4; Doc. 20-1 ¶ 4.2; Doc. 20-2.) IPSCO's notification does not identify which paragraph of Section 4.2 is the basis for its termination. (Doc. 20-2.) IPSCO subsequently ceased all deliveries. (Doc. 32 at 3; Doc. 6 ¶ 6.) On September 24, 2007, Tejas made a formal demand on IPSCO to resume performance. (Doc. 32 at 3; Doc. 20-3.) On October 31, 2007, IPSCO responded that Tejas had defaulted under the Agreement "by failing to timely process the product delivered to [Tejas'] facility," resulting "in termination for cause as permitted by the [A]greement." (Doc. 6 ¶ 21–22; Doc. 20-4.) On November 6, 2007, Tejas denied knowledge of the breaches that IPSCO alleged and threatened legal proceedings. (Doc. 20-5.)

On February 14, 2008, Tejas filed suit for breach of the Agreement. (Doc. 1.) On March 12, 2008, IPSCO answered and counterclaimed against Tejas for breach of the same Agreement. (Doc. 6.) On April 1, 2008, Tejas answered IPSCO's counterclaim. (Doc. 7.) On December 10, 2009, Tejas filed its first amended complaint. (Doc. 20.)

IPSCO now moves for summary judgment on Tejas' breach of contract claim. (Doc. 29 ¶ 2.) IPSCO also seeks summary judgment as counter-plaintiff "on Tejas' affirmative defenses of

estoppel, quasi estoppel, waiver, failure to mitigate and material breach" of the Agreement. (*Id.* ¶ 3.)

Tejas seeks partial summary judgment on IPSCO's affirmative defenses of estoppel and waiver. (Doc. 32 at 4.) Tejas also seeks summary judgment on IPSCO's counterclaim for damages for "lost business opportunity" and "lost benefit of Tejas' contractual performance obligation." (*Id.* at 4–5.) Finally, Tejas seeks summary judgment on IPSCO's counterclaim that Tejas breached the agreement by allegedly not having its plant on Miller Road #2 operational on April 1, 2006, and by allegedly failing to provide quality services. (*Id.* at 5.) IPSCO later voluntarily withdrew its breach of contract claim regarding Tejas' alleged failure to "provide services in a good and workmanlike manner." (Doc. 39.)

## II.  Summary Judgment Standard

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Moreover, if the party moving for summary judgment bears the burden of proof on an

issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor.  *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Once the movant meets its burden, however, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.  *Celotex*, 477 U.S. at 323–24.  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).  Instead, the nonmoving party must produce evidence upon which a jury could reasonably base a verdict in its favor.  *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).  To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial."  W*ebb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir.1998) (overruled on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405, 2414 (2006)).  Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence.  *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139–40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert.*

*denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075). The nonmovant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988). The nonmoving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). There is a "genuine" issue of material fact if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

III. Discussion

IPSCO moves for summary judgment on Tejas' breach of contract claim. (Doc. 29 ¶ 2.) To support a breach of contract claim, a plaintiff must show the following elements: (1) a valid, enforceable contract; (2) privity of contract with the defendant; (3) performance, tendered performance, or valid excuse from performance of plaintiff's contractual obligations; (4) breach;

and (5) resulting injury. *Willis v. Donnelly*, 199 S.W.3d 262, 271 (Tex. 2006); *Wincheck v. American Express Travel Related Services*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

IPSCO argues that Tejas cannot show that it "performed, tendered performance of, or was excused from performing its contractual obligations *prior* to any alleged breach by IPSCO" or that "IPSCO's alleged breaches were not legally justified or excused because of Tejas' prior material breaches of the Agreement." (Doc. 29 ¶ 10.) Specifically, IPSCO contends that Tejas was contractually obligated to have its processing plant "constructed and operational to provide heat treated Products to specifications by April 1, 2006" and its failure to do so constitutes the initial breach. (*Id.* ¶ 11.) Tejas responds that it was not contractually obligated to have its processing plant on Miller Road (the "Miller Road Plant") constructed and operational by April 1, 2006, but claims that, in any event, the processing plant was constructed and operational. (Doc. 42 at 3.)

The Court finds that the plain language of the contract does not require Tejas to have the Miller Road Plant constructed and operational by April 1, 2006, but, rather, provides that Tejas' failure to do so may be grounds for "termination for cause" under Article 4.2 of the Agreement. (Doc. 20-1 ¶ 4.2(iii).) Therefore, Defendant IPSCO's motion for summary judgment Tejas' breach of contract claim must be denied.

IPSCO also seeks summary judgment as counter-plaintiff on Tejas' affirmative defenses of estoppel, quasi-estoppel, waiver, failure to mitigate and material breach of the Agreement. (Doc. 29 ¶ 3.) Equitable relief such as estoppel is generally unavailable in the face of a valid, written contract. *Barnett v. Coppell North Texas Court, Ltd.*, 123 S.W.3d 804, 825 (Tex. App.—Dallas 2003, reh'g overr'd (Jan 29, 2004), pet. denied (May 14, 2004)) (holding that

"[p]romissory estoppel does not apply to a promise covered by a valid contract between the parties; it does apply, however, to a promise outside the contract"). The parties do not argue there were additional promises not integrated in the Agreement and therefore estoppel as a defense fails as a matter of law.

To support the affirmative defense of quasi-estoppel, a plaintiff must show the following elements: (1) plaintiff acquiesced to or accepted a benefit under a transaction; (2) plaintiff's present position is inconsistent with its earlier position when it acquiesced to or accepted the benefit of the transaction; and (3) it would be unconscionable to allow the plaintiff to maintain its present position, which is to another's disadvantage. *Lopez v. Munoz, Hockema & Reed, L.L.P* , 22 S.W.3d 857, 864 (Tex. 2000); *Eckland Consultants, Inc. v. Ryder, Stilwell Inc.*, 176 S.W.3d 80, 87 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Tejas fails to produce evidence going towards any of these elements.

To support the affirmative defense of waiver, a plaintiff must show the following elements: (1) an existing right, benefit, or advantage held by plaintiff; (2) plaintiff's actual knowledge of its existence; and (3) plaintiff's actual intent to relinquish the right, or intentional conduct inconsistent with the right. *Ulico Casualty Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008); *Tenneco Inc. v. Enterprise Prods. Co.*, 925 S.W.2d 640, 643 (Tex. 1996). Texas courts have held that acceptance of late performance, continuing performance after the other party's breach, or honest efforts to induce performance do not automatically constitute waiver of a breach of contract claim. *Consolidated Engineering Co. v. Southern Steel Co.*, 699 S.W.2d 188, 191–92 (Tex. 1985); *Cal-Tex Lumber Co. v. Owens Handle Co.*, 989 S.W.2d 802, 812 (Tex. App.—Tyler 1999, no pet.); *Commercial Credit Corp. v. Taylor*, 448 S.W.2d 190, 195 (Tex. App.—Tyler 1969, no writ). Tejas argues that IPSCO did not "avail itself of its self-help

right to collect 'Shortfall Fees' under § 1.3(b) of the Agreement at the time Tejas was actually processing IPSCO's products[.]" (Doc. 42 at 25.) Because Tejas has produced some evidence going to the three elements of a waiver defense, this issue will need to be decided by a jury.

To support the affirmative defense of failure to mitigate damages, a party must show that the plaintiff failed to use ordinary care in reducing or avoiding its damages. *Taylor Foundry Co. v. Wichita Falls Grain Co.*, 51 S.W.3d 766, 774 (Tex. App.—Fort Worth 2001, no pet.); *Moulton v. Alamo Ambulance Serv.*, 414 S.W.2d 444, 447 (Tex. 1967). This is a fact intensive question relating to the complex course of events that occurred between the parties in this case and not a matter that can be decided by the Court. (*See,* Doc. 42 at 17–22.)

Finally, IPSCO's motion for summary judgment as counter-plaintiff on Tejas' affirmative defense that IPSCO materially breached the contract is completely circular. The cross parties are suing one another for breach of the same Agreement.

Plaintiff Tejas seeks partial summary judgment on IPSCO's affirmative defenses of estoppel and waiver. (Doc. 32 at 4.) For the same reasons described above, IPSCO's affirmative defense of estoppel must be dismissed, while the affirmative defense of waiver will be for the jury to decide. Tejas also seeks summary judgment on IPSCO's counterclaim for damages for "lost business opportunity" and "lost benefit of Tejas' contractual performance obligation." (*Id.* at 4–5.) These questions are issues of fact to be found by the jury. Finally, Tejas seeks summary judgment on IPSCO's counterclaim that Tejas breached the agreement by failing to have the Miller Road Plant operational on April 1, 2006. On this point, the Court found that the plain language of the contract did not require Tejas to have the Miller Road Plant constructed and operational by April 1, 2006, but, rather, provided that Tejas' failure to do so may be grounds for "termination for cause" under Article 4.2 of the Agreement. (Doc. 20-1 ¶ 4.2(iii).) Therefore,

Tejas could not, as a matter of law, have breached the Agreement by failing to have the Miller Road Plant constructed and operational by April 1, 2006.

IV.  Conclusion

Accordingly, the Court hereby **ORDERS** that Defendant IPSCO Tubulars Inc.'s Motion for Summary Judgment on Plaintiff Tejas Casing Ltd.'s Claim for Breach of Contract and Affirmative Defenses (Doc. 29) is **GRANTED in PART** and **DENIED in PART**.

IPSCO's motion for summary judgment on Tejas' breach of contract claim is **DENIED**.

IPSCO's motion for summary judgment on Tejas' affirmative defenses of promissory estoppel and quasi-estoppel is **GRANTED** and these affirmative defenses are **DISMISSED**.

IPSCO's motion for summary judgment on Tejas' affirmative defenses of waiver, failure to mitigate and material breach is **DENIED**.

The Court further **ORDERS** that Plaintiff Tejas Casing Ltd.'s Motion for Partial Summary Judgment (Doc. 32) is **GRANTED in PART** and **DENIED in PART**.

Tejas' motion for summary judgment on IPSCO's affirmative defense of estoppel is **GRANTED** and this affirmative defense is **DISMISSED**.

Tejas' motion for summary judgment on IPSCO's affirmative defense of waiver is **DENIED**.

Tejas' motion for summary judgment on IPSCO's breach of contract counterclaim for lost business opportunity and lost benefit of Tejas' contractual performance obligation is **DENIED**.

Tejas' motion for summary judgment on IPSCO's breach of contract counterclaim that Tejas breached the agreement by allegedly not having its plant on Miller Road #2 operational on April 1, 2006 is **GRANTED** and this counterclaim is **DISMISSED**.

Tejas' motion for summary judgment on IPSCO's breach of contract counterclaim that Tejas breached the agreement by allegedly failing to provide quality services is **MOOT**. (See Doc. 39.)

The case is **REFERRED** to Magistrate Judge Frances H. Stacy for entry of an updated Scheduling Order with an expedited trial date.

SIGNED at Houston, Texas, this 2nd day of March, 2011.

                                          MELINDA HARMON
                                    UNITED STATES DISTRICT JUDGE